1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PETER J. MANCUS,

11             Petitioner,                    No. CIV S-06-0079 GEB GGH P

12        vs.

13   JIM POPE, et al.,

14             Respondents.                   <u>ORDER</u>

15   _____/

16             Petitioner, a licensed California attorney, is proceeding pro se with this petition

17   for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his April 2003

18   conviction for a misdemeanor, a violation of Cal. Penal Code § 148(a)(resisting an officer).

19   Petitioner was sentenced to ten days in jail and placed on formal probation for three years.

20   Petitioner was also fined $370.

21             On April 23, 2007, the court recommended that the petition be denied.  The court

22   also ordered petitioner to show cause why sanctions of $2500 should not be entered against him.

23   On May 11, 2007, petitioner filed 590 page objections to the findings and recommendations.

24   The objections discuss the order to show cause.  For the following reasons, the court orders that

25   petitioner is ordered to pay sanctions of $2500.

26   /////

Fed. R. Civ. P. 11(b) provides,

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances–

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The petition contained 35 grounds for relief.  This court found that 14 of these claims were legally frivolous and supported by no authority, let alone clearly established Supreme Court authority.  Findings and Recommendations, pp. 60-61.  The court did not address the merits of any of these claims.  While the court addressed the merits of the remaining claims, these claims were also without merit and, for the most part, unsupported.

As stated in the findings and recommendations, the petition is correctly characterized as a spite petition, i.e. one that raises a multitude of claims, the vast bulk of which are frivolous and seemingly filed for the purpose of simply tweaking the judicial system as a whole which had the temerity to prosecute petitioner.  Petitioner's 590 page objections to the findings and recommendations further demonstrate this point.  As a practicing attorney, petitioner should know better.

Petitioner's response to the show cause order makes no valid attempt to explain why the court should not impose sanctions.  Rather, petitioner accuses this court of being a liberty thief and domestic enemy of the United States Constitution.  Objection, p. 103.  Petitioner also states that when he read this courts findings and recommendations, he saw "an evil that

1  defies all remedy." Objections, p. 107.  The objections contain additional similar statements

2  which the court need not discuss here.

3            For the reasons discussed above, the court finds that monetary sanctions are

4  appropriate because the petition was brought for  purposes of harassment, in violation of Rule

5  11(b)(1), and because the claims and legal contentions were largely frivolous (Rule 11(b)(2)).[1]

6            Accordingly, IT IS HEREBY ORDERED that petitioner is ordered to pay to the

7  court monetary sanctions in the amount of $2500 within sixty days of the date of this order for

8  his violation of Fed. R. Civ. P. 11.

9  DATED: 5/18/07                              /s/ Gregory G. Hollows

10  _____
                                   UNITED STATES MAGISTRATE JUDGE

11

12  mancus.san

13

14

15

16

17

18

19

20

21

22

23

24       [1]  The Federal Rules of Civil Procedure may be applied to habeas corpus actions.  Fed. R.
Civ. P. 81(a)(2).  Pro se parties are liable for Rule 11 sanctions.  Warren v. Guelker, 291 F.3d
25  1386, 1390 (9th Cir. 1994).  Attorneys who represent themselves are generally considered an
unrepresented party for purposes of litigation,  See Elwood v. Drescher, 456 F.3d 943 (9th Cir.
26  2006), and hence, petitioner herein may be monetarily sanctioned under Rule 11(b)(2).